Fecteau, J.
This matter came on for hearing on April 13, 1999, concerning the counterclaim plaintiffs application for a preliminary injunction to enforce a noncompetition clause in an employment contract with a former employee and his new employer, and it was argued by counsel; thereupon, in consideration of the pleadings, affidavits and arguments of the parties in support of and in opposition to the entry of a preliminary injunction, the court makes the following findings of fact and rulings of law. In determining whether to grant a preliminary injunction, this court considers the balancing test set forth in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). See also Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990).
The covenant in question appears in clause 9 of the employment contract. It calls for a rather modest period of time for the employee to observe the noncom-petition clause, namely, one year. The geographic restraint is the area comprising the counties of Worcester and Middlesex. The employee (Gokani) has begun employment with a company (Compusmart), located within Worcester County and which is in competition with the moving party. The moving parly has, therefore, demonstrated a reasonable likelihood of success on the merits of its claim that the employee has violated the clause in question. However, in assessing the burden upon the moving party to demonstrate a substantial risk of irreparable harm and in contrast with any risk of such harm to the nonmoving parties, and in recognizing that to grant the full scope *176 of relief sought by the moving party, there is a substantial risk that such preliminary relief will amount to and be the equivalent of a decision on the merits without having given the parties an opportunity to have a trial.
Therefore, for the foregoing reasons, and only with respect to subsection A(ii) of clause 9, which reads: “I will not own or have any interest, directly or indirectly, in, or act as an officer, director, agent, employee, or consultant of or assist in any material way or capacity, any person, firm, association, partnership, corporation, or other entity which is in competition with PC-Plus within Worcester and Middlesex County and within ten (10) miles of any other satellite office of PC-Plus”; I order, under the provisions of Rule 65(b)(2), a consolidation of the motion for preliminary injunction with a trial on the merits. A speedy trial is warranted but in light of the request of the moving party for some modest discovery before trial, a date for trial is not yet assigned.
With respect to the balance of the noncompetition clause, which prohibits the employee from attempting to service, influence, entice away or assist in any way any client of PC-Plus who was a client at the time of his employment with PC-Plus, the moving party has demonstrated a sufficient basis for preliminary relief as against both counterclaim defendants and a preliminary injunction shall enter which enjoins both parties from the violation of clauses 2 and 9A(i), (iii), (iv) and (v) of the employment contract between PC-Plus Technologies, Inc. and Vijaykumar Gokani, executed on January 13, 1997, and which is seen as exhibit Ato the counterclaim of PC-Plus Technologies, Inc. Given the representations made by Compusmart that it does not service the same clients as PC-Plus and that the employee will be allowed to continue employment with Compusmart during the pendency of the case, no security is deemed necessary for the protection of the parties due to the allowance of the within order.
This injunction may be reviewed and modified, as the need arises, upon evidence of record quality of violations, direct or indirect.